UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Harmon Pinkney, III,

        Petitioner,

v.

Secretary, Department of
Corrections, and Florida
Attorney General,

        Respondents.

Case No. 5:14-cv-607-OC17-PRL

**MEMORANDUM AND ORDER**

---

This matter is before the Court on a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. For the following reasons, the Petition is denied.

**BACKGROUND**

On February 3, 2009, a jury in Marion County, Florida, convicted Petitioner Harmon Pinkney, III, of four counts of strong-arm robbery and one count of attempted strong-arm robbery. According to the trial testimony, in December 2007, Pinkney entered the Central Florida State Bank in Ocala, Florida, put a pillowcase on the counter at a teller station and demanded money. (App'x Ex. B (Trial Tr.) at 145 (Docket No. 7-6 at 66)[1].) He also demanded that four bank employees give him their purses and cell

---

[1] The Court will endeavor to cite to the electronically filed appendix (Docket No. 7) by attachment number and page of the Court's electronic docket. The State did not file the appendix by exhibit, but rather broke the docket attachments at random locations, so that a given exhibit might begin in the middle of an attachment and span one, two, or more attachments. To characterize this practice as unhelpful to the Court's review of the record is a gross understatement.

phones.  (Id. at 146; 162 (Docket No. 7-6 at 67, 83)).)  The trial court sentenced Pinkney to a total of 20 years' imprisonment and five years of probation.  (Id. Ex. A at 146-55 (Docket No. 7-5 at 3-12).)

Pinkney appealed his conviction, contending that double jeopardy barred his convictions for taking property from a person and from that person's employer in a continuous act.  (Id. Ex. E at 1-15 (Docket No. 7-8 at 92 to 7-9 at 14).)  The Florida Fifth District Court of Appeal affirmed without opinion.  Pinkney v. State, 41 So. 3d 914 (table) (Fla. Dist. Ct. App. 2010).  Pinkney filed a habeas petition in the appeals court, contending that his appellate counsel was ineffective for failing to challenge the admission of video surveillance evidence and failing to challenge the sufficiency of the evidence regarding the force, assault, or fear element of a charge of strong-arm robbery.  (App'x Ex. F at 1-7 (Docket No. 7-9 at 31-37).)  The court denied that petition on the merits without comment.  (Id. at 57 (Docket No. 7-9 at 87).)

Pinkney then filed for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  (App'x Ex. G (Docket No. 7-9 at 92).)  Pinkney's 3.850 motion raised twelve claims of ineffective assistance of trial counsel, nearly all of which are repeated in the instant Petition.  The trial court held an evidentiary hearing on Pinkney's claims, at which Pinkney's trial counsel testified.  (App'x Ex. G at 130-233 (Docket No. 7-11 at 35 to 7-12 at 59).)  In a thorough and lengthy order, the trial court ultimately denied all of Pinkney's claims as without merit.  (Id. at 258-325 (Docket No. 7-12 at 84 to 7-13 at 20).)  The Fifth District Court of Appeal affirmed that denial per curiam.  Pinkney v. State, 138 So. 3d 468 (table) (Fla. Dist. Ct. App. 2014).

Pinkney filed the instant Petition in November 2014. He raises ten grounds for relief, all based on the alleged ineffective assistance of his trial counsel.

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., a federal court's "review is greatly circumscribed and is highly deferential to the state courts." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). Indeed, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted). 28 U.S.C. § 2254, which applies to persons in custody pursuant to a state-court judgment, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, § 2254 states that "a determination of a factual issue made by a State court shall be presumed to be correct." Id. § 2254(e)(1). The burden is on the petitioner to "rebut[] the presumption of correctness by clear and convincing evidence." Id.

3

AEDPA requires both that a habeas petition be timely filed and that the petitioner have exhausted his remedies with respect to the relief he seeks. The State agrees that this Petition is timely. It argues, however, that Pinkney has failed to exhaust his remedies with respect to ground 2, which contends that his counsel was ineffective for failing to object to the prosecutor's closing argument, and ground 9, which asserts that counsel was ineffective for failing to object to the prosecutor's impeachment and rehabilitation of a witness. According to the State, because the trial court denied these grounds (raised in the trial court as grounds 3 and 10) and Pinkney did not appeal the denial, he has failed to exhaust his remedies and these claims should be dismissed on that basis.[2]

But as the State recognizes, the United States Supreme Court recently explained that a habeas petitioner may establish cause for the procedural default of an ineffective-assistance claim when the petitioner acted pro se during the initial collateral proceeding at which that claim was presented. Martinez v. Ryan, 566 U.S. 1, 13-14 (2012). Pinkney did not have the benefit of counsel during his state postconviction proceedings, and thus likely can establish cause under Martinez. And given that Pinkney's claims are without any substantive merit, the Court will address the claims rather than dismissing them for failure to exhaust.

## A. Ineffective Assistance of Counsel

Pinkney can succeed on his claims that his counsel was ineffective only if he can show that the trial court's or appellate court's determination of the facts surrounding his

---

[2] The State also argues that Pinkney failed to exhaust his claim of cumulative error (ground 12 in the trial court, ground 10 in the instant Petition) because he only presented a cursory argument to the appellate court regarding this claim.

4

claims was unreasonable. 28 U.S.C. § 2254(d). Thus, he must establish both that his trial counsel was ineffective and that it was unreasonable for the court reviewing his claims to conclude otherwise.

"Ineffective assistance of counsel can be grounds for challenging a conviction if counsel's performance was so egregious that it rendered the trial fundamentally unfair." Damron v. Florida, No. 8:07-cv-2287, 2009 WL 1514269, at *2 (M.D. Fla. May 29, 2009) (citing Strickland v. Washington, 466 U.S. 668, 701 (1984)). Pinkney must demonstrate "that his counsel's performance was objectively unreasonable by professional standards and that he was prejudiced as a result of the poor performance." Id. (citing Strickland, 466 U.S. at 687-88). To show prejudice, Pinkney "must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Woodford v. Visciotti, 537 U.S. 19, 22 (2002) (quotations omitted). But "[t]here is a strong presumption that an attorney's conduct fell within the 'wide range of professional norms,' and anything that 'might be considered sound trial strategy' will generally not prove counsel ineffective. Damron, 2009 WL 1514269, at *2 (quoting Strickland, 466 U.S. at 689). As noted, Pinkney challenges his trial counsel's assistance on ten separate grounds.

### 1. Speedy Trial

Pinkney first contends that his trial counsel was ineffective for failing to file a notice of expiration of speedy trial in a timely manner. The trial court considered this claim and denied it, finding that Pinkney was mistaken about the date of his arrest and therefore the date by which the State was required to try him. (App'x G at 259-61

(Docket No. 7-12 at 85 to 7-13 at 1-2).) The trial court determined that Pinkney was brought to trial within the time period Florida law provides.

Pinkney has no new evidence or any legal argument as to why the trial court's determination of this issue was unreasonable. And, indeed, the record is clear that Pinkney was not arrested on the bank-robbery charges in March 2008, but rather was arrested on other charges from Orange County in March 2008. Pinkney was arrested on the instant charges in August 2008, and as the trial court determined, his counsel filed a notice of expiration of speedy trial as soon as the statutory period elapsed. Moreover, Pinkney was brought to trial within four days of that notice, well within the State's 15-day window to do so. Pinkney's claim on this issue is without merit.

### 2. Prosecutorial Misconduct

Pinkney next argues that his counsel was ineffective for failing to object to the prosecutor's closing argument, which Pinkney characterizes as "inflammatory and prejudicial." (Pet. (Docket No. 1) at 7.) According to Pinkney, the prosecutor expressed his personal opinions regarding Pinkney's guilt, and his trial counsel did not object to these statements. The trial court determined, after a review of the record, that the prosecutor's closing argument was not improper. (App'x Ex. G at 262 (Docket No. 7-13 at 3) (citing Trial Tr. at 301-13, 321-29).) Pinkney does not argue that the trial court's determination was unreasonable in light of either the facts or the law, but merely reiterates his opinion that the closing argument was improper.

But again, this Court's role is not to independently determine whether prosecutorial misconduct occurred and whether that alleged misconduct prejudiced

6

Pinkney's constitutional rights. Rather, this Court examines only whether the trial court's determination of this issue was unreasonable either factually or legally. There is no indication that the trial court misapplied any relevant law, and the court's factual findings are likewise reasonable in light of the record. Pinkney's claim fails.

### 3. Exclusion of Evidence

Pinkney maintains that his counsel was ineffective for failing to file a motion to exclude evidence that Pinkney visited other banks in the area before he robbed the Central Florida State Bank. But as the trial court noted, Pinkney's counsel did challenge the admission of this evidence at a hearing on the State's notice that it would use the evidence. (Id. at 265 (Docket No. 7-13 at 6).) The court overruled Pinkney's counsel's objections to the testimony and any further motion regarding the issue would have been futile. The trial court's determination of this claim was reasonable and habeas relief is not available on this basis.

### 4. Hearsay Testimony

Pinkney contends that his trial counsel was ineffective for failing to raise a hearsay objection to the testimony of Cynthia Smith, a witness for the State. Ms. Smith stated during her testimony that she was told that Pinkney robbed a bank. Pinkney's lawyer did not object to this statement as hearsay.

As the trial court noted, a lawyer's sound trial strategy is not grounds for an ineffective-assistance claim. (Id. at 266 (Docket No. 7-13 at 7) (citing Strickland, 466 U.S. at 689).) During the evidentiary hearing on Pinkney's state postconviction motion, his lawyer explained that he decided not to object to this stray statement because doing so

7

might draw the jury's attention to the statement, something the lawyer did not want to do. (Id. (citing Hr'g Tr. at 53-54).) The trial court's determination that counsel's failure to object constituted sound trial strategy is not unreasonable, and this claim is without merit.

### 5. Testimony from Lead Detective

Pinkney asserts that his counsel was ineffective because he did not object when the lead detective in the case testified regarding the probable cause affidavit and the issuance of a warrant for Pinkney's arrest. According to Pinkney, this testimony amounted to the detective's opinion that Pinkney was guilty.

But the detective did not express an opinion about Pinkney's guilt or innocence. Rather, he testified regarding the factual predicate for instituting the case against Pinkney, something that is routine and does not violate a criminal defendant's rights. The trial court correctly determined that trial counsel's performance was not deficient and that Pinkney did not suffer any prejudice from the admission of this testimony. (Id. at 268-69 (Docket No. 7-13 at 8-9).) This claim fails.

### 6. "In Fear"

Pinkney next contends that his counsel should have argued in his motion for judgment of acquittal that the State did not proffer sufficient evidence on an essential element of the charges as to two alleged victims, namely that Pinkney's actions caused these two victims to be in fear. But as the trial court noted, Pinkney's counsel did argue that the State had failed to establish the "fear" element of the crimes charged. (Id. at 269-70 (Docket No. 7-13 at 10-11).) The record squarely refutes Pinkney's claim on this basis.

### 7. Double Jeopardy

Pinkney argues that his counsel was ineffective for failing to argue for dismissal of the individual-victim counts (Counts 2 through 5) on double jeopardy grounds. According to Pinkney, because the incident constituted one continuous crime, it violated his double jeopardy rights to charge him with five separate crimes. The trial court examined the relevant Supreme Court authority on double jeopardy, <u>Blockburger v. United States</u>, 283 U.S. 299 (1932), and determined that the existence of five different victims made each robbery a separate criminal offense under Florida's codification of <u>Blockburger</u>'s principles. (<u>Id.</u> at 270-71 (Docket No. 7-13 at 11-12).) Pinkney does not argue that the trial court misapplied <u>Blockburger</u> or otherwise disregarded controlling law for its determination of this issue. Absent such an error, Pinkney is not entitled to federal habeas relief on this claim.

### 8. Verdict Form

Pinkney asserts that his counsel was ineffective for failing to object to the verdict forms because those forms did not ask the jury to determine the amount Pinkney stole from the victims. Pinkney contends that this failure precluded the jury from finding him guilty of the lesser included offense of theft. Pinkney's counsel explained that he purposely did not ask for any interrogatories regarding lesser included offenses because his strategy was that Pinkney was misidentified as the bank robber, not that he was only guilty of theft rather than strong-arm robbery. (<u>Id.</u> at 272 (Docket No. 7-13 at 13) (quoting Hr'g Tr. at 71-72).) Pinkney's counsel testified that because the defense focused on identification, including a lesser-included-offense interrogatory on the verdict

9

form would have confused the jurors and detracted from the defense. (Id.) The trial court determined that counsel's failure to object to the verdict forms was thus sound trial strategy, and Pinkney has offered no argument that this determination was unreasonable. This claim is without merit.

### 9. Impeachment and Rehabilitation of Witness

Pinkney argues that the State improperly impeached and then rehabilitated witness Cassie Wiese, one of the teller-victims in the case. According to Pinkney, the State's impeachment of Ms. Wiese deprived his counsel of the opportunity to impeach her. But the impeachment of a party's own witness is not improper under Florida law. Fla. Stat. § 90.608. Moreover, even if it was improper, the State did not impeach Ms. Wiese in any way during her testimony. Rather, Pinkney's counsel impeached her during cross-examination, noting that although she stated that she was 85% certain of her identification of Pinkney, at the time of the photo lineup itself she stated that she could not positively identify Pinkney. (App'x Ex. G at 275 (Docket No. 7-13 at 16) (citing Trial Tr. at 148-49).) Thus, the record directly refutes Pinkney's claim that his counsel was prevented from impeaching Ms. Wiese, and this claim fails.

### 10. Cumulative Effect

Finally, Pinkney argues that the cumulative effect of all of the alleged errors constituted ineffective assistance that casts doubt on the verdict. But Pinkney has failed to establish any error on the part of his counsel, and thus there are no errors to have a cumulative effect. This ground is without merit.

**B.     Evidentiary Hearing**

AEDPA provides that a habeas petitioner is entitled to a hearing only if he can show that his claim "relies on a new rule of constitutional law . . . or a factual predicate that could not have been previously discovered through the exercise of due diligence" and that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty . . . ." Id. § 2254(e)(2).

Because the facts here are not such that a reasonable factfinder would not have convicted Pinkney, an evidentiary hearing is not warranted.

**C.     Certificate of Appealability**

Pinkney is required to secure a Certificate of Appealability before appealing the dismissal of his habeas corpus action. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). This Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The prisoner must establish that the resolution of his constitutional claims "was debatable among jurists of reason." Lott v. Att'y Gen., Fla., 594 F.3d 1296, 1301 (11th Cir. 2010).

Pinkney has not demonstrated that his claims are debatable or that they "deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. The Court will therefore not grant a Certificate of Appealability on any of Pinkney's claims.

**CONCLUSION**

Pinkney is not entitled to federal habeas relief on his claims. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2. A Certificate of Appealability will **NOT** issue; and

3. The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated:  April 11, 2017

                                             *s/Paul A. Magnuson*
                                             Paul A. Magnuson
                                             United States District Court Judge